**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROJELIO ALCAIDE,

                 Plaintiff,

   v.                                          9:17-CV-1239
                                                (GTS/DJS)

JOHN SMITH, CHARLES PEREIRA, LARRY COSH,
AND BENJAMIN COSEY,

                 Defendants.

---

**APPEARANCES:**                        **OF COUNSEL:**

ROJELIO ALCAIDE
06-A-1219
Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929

HON. LETITIA JAMES                    NICHOLAS L. ZAPP, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     Plaintiff, presently an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights.  Dkt.

No. 1, Compl.  Presently pending is a partial Motion for Summary Judgment seeking dismissal of a Fourth Amendment claim regarding a pat frisk brought against Corrections Officer Smith and Eighth Amendment failure to intervene claims against Defendants Cosh and Cosey.  Dkt. No. 45; *see also* Dkt. No. 45-1, Defs.' Mem. of Law at p. 1.  Plaintiff opposes the Motion.  Dkt. Nos. 61, 63, & 64.  Defendants have filed a Reply.  Dkt. No. 70.  For the reasons which follow, the Court recommends denying the Motion.[1]

## I. BACKGROUND

The facts relevant to the claims at issue here are largely disputed by the parties.  There is no dispute that Plaintiff was directed to submit to a pat frisk on November 22, 2014 at around 11:00 a.m. at Great Meadow Correctional Facility.  Dkt. No. 45-2, Declaration of Nicholas Zapp ("Zapp Decl."), Ex. C at p. 174; Zapp Decl., Ex. A ("Pl.'s Dep.") at p. 18; Dkt. No. 63-3, Declaration of Rojelio Alcaide ("Pl.'s Decl."), ¶ 5.  What happened next, however, is strongly disputed.  Plaintiff contends that he complied with the direction to go to the wall to be frisked, but that Defendant Smith, rather than attempting to conduct a frisk, assaulted Plaintiff.  Pl.'s Decl. at ¶¶ 6-7.  Defendants, on the other hand, contend that no pat frisk ever took place because Plaintiff "refused

---

[1] The Court had previously reserved decision on a request for unredacted copies of certain DOCCS policies pending review of the summary judgment filings.  *See* Dkt. No. 65.  Given that Defendants are not relying on any DOCCS policies in support of this Motion, Plaintiff's request for unredacted copies, Dkt. No. 47, is denied without prejudice to renewal at the time of trial.

direction and dropped to the floor and attempted to crawl away" from Smith. Zapp. Decl., Ex. C at p. 174.

There is also no dispute that a use of force incident followed, *see* Dkt. No. 61 at pp. 22-39, but here too exactly what happened is disputed. Plaintiff alleges that he was assaulted by Defendants Smith and Pereira. Pl.'s Decl. at ¶¶ 8-9. He further alleges that Defendants Cosh and Cosey responded to the scene and watched the assault continue without intervening to stop it. *Id.* at ¶ 10. Defendants Cosh and Cosey admit that they responded to the scene, deny that any assault was taking place when they arrived, and deny that they in any way violated Plaintiff's rights. Dkt. No. 45-4, Declaration of Benjamin Cosey ("Cosey Decl.") at ¶¶ 6-17; Dkt. No. 45-5, Declaration of Larry Cosh ("Cosh Decl.") at ¶¶ 6-16.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

3

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin,* 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc*., 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the

4

court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

#### A. Plaintiff's Fourth Amendment Claim

Plaintiff alleges that he complied with the direction to be frisked, but that Defendant Smith assaulted Plaintiff rather than perform a pat frisk. Pl.'s Decl. at ¶¶ 6-7. Defendants seek summary judgment as to this claim premised on the argument that no pat frisk took place because Plaintiff fled when directed to submit to one and that as a result Plaintiff cannot claim that the manner in which it was conducted was unlawful. Defs.' Mem. of Law at pp. 4-5.

Inmates have diminished privacy rights under the Fourth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 527 (1979). Courts, however, have recognized that the Fourth Amendment does protect inmates from unreasonable pat frisks. *Webb v. Foreman*, 1997 WL 379707, at *4 (S.D.N.Y. July 9, 1997) ("A pat-frisk can become unreasonable, and therefore violate the Fourth Amendment, based on the way in which it is conducted.")

5

The manner in which a pat frisk is conducted is a significant factor in determining whether it was reasonable. *Id.* (citing cases); *see also Holton v. Moore*, 1997 WL 642530, at *6 (N.D.N.Y. Oct. 15, 1997) ("the reasonableness of the pat frisk depended on the scope of the intrusion, the manner in which the frisk was conducted, its justification, and the place it was conducted."). Here, clear questions of fact exist which preclude summary judgment as to this claim.

Plaintiff alleges that after complying with the direction to submit to a search, Defendant Smith immediately assaulted him, including by punching Plaintiff. Pl.'s Decl. at ¶¶ 6-7. Defendant's version of events presents a vastly different view of the facts asserting that Plaintiff never attempted to comply with the search directive and instead dropped to the ground and attempted to crawl away. Zapp. Decl., Ex. C at p. 174. This presents a factual dispute "that cannot be determined on this record without resolving issues of credibility." *Fabozzi v. Lexington Ins. Co.*, 2012 WL 12941966, at *3 (E.D.N.Y. Mar. 27, 2012); *see also Diaz v. Burns*, 2015 WL 5167181, at *9 (W.D.N.Y. Sept. 3, 2015).

Defendant highlights, as further evidence in support of the Motion, that Plaintiff pled guilty to a disciplinary violation for failing to comply with search procedures. Defs.' Mem. of Law at p. 4; Zapp Decl., Ex. C at p. 175. While a jury may find the plea probative as to what happened, the plea itself does not bear the weight Defendant places on it for purposes of summary judgment. Plaintiff pled guilty to violating DOCCS rule

115.10 which provides: "An inmate shall comply with all frisk and search procedures." 7 N.Y.C.R.R. § 270.2(B)(16)(i). A guilty plea admits only that Plaintiff failed to adhere to all frisk procedures; it does not, however, establish that no search took place as a result of Plaintiff's conduct, as Defendant maintains, or that Defendant acted reasonably in attempting to conduct a pat frisk. Those are the questions in dispute and that dispute cannot be resolved on this Motion.

The Court recommends that Defendant's Motion for Summary Judgment as to Plaintiff's Fourth Amendment pat frisk claim be denied.

### B. Plaintiff's Eighth Amendment Claim

The Complaint alleges that Defendants Cosey and Cosh failed to intervene to stop excessive force that was being used against Plaintiff. Compl. at ¶ 12. "A corrections officer who does not participate in, but is present when an assault on an inmate occurs may still be liable for any resulting constitutional deprivation." *Henry v. Dinelle*, 2011 WL 5975027, at *4 (N.D.N.Y. Nov. 29, 2011). A failure to intervene claim requires that Plaintiff prove that "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Konovalchuk v. Cerminaro*, 2014 WL 272428, at *23 (N.D.N.Y. Jan. 24, 2014) (quoting *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008)).

7

Defendants Cosh and Cosey initially argue that summary judgment is appropriate because Plaintiff testified at his deposition that he could not actually see either Defendant arrive at the scene and as a result "Plaintiff's complaint [is] based solely on reviewing the post-incident reports rather than Plaintiff's own personal observations." Defs.' Mem. of Law at pp. 6-7 (citing Pl.'s Dep. at pp. 54-56). There is no dispute, however, that both Defendants were present at the scene as Plaintiff alleges. Cosh Decl. at ¶ 7; Cosey Decl. at ¶ 7.[2] That Plaintiff did not personally observe them arrive, therefore, is of no moment.

Defendants also rely on Plaintiff's deposition testimony to argue that they were not yet present when the force, which they allegedly failed to stop, was actually used. Defs.' Mem. of Law at pp. 7-8.[3] If true, Defendants could not be liable for a failure to protect because they would not have "had a realistic opportunity to intervene and prevent the harm." *Konovalchuk v. Cerminaro*, 2014 WL 272428, at *23. Plaintiff's deposition testimony does support Defendants' argument to some extent. Plaintiff, for example, alleges that other Defendants "grabbed Plaintiff's left thumb and wrist and violently bent Plaintiff's left thumb and wrist backwards." Compl. at ¶ 14. At his deposition, however, Plaintiff testified clearly that at the time this occurred Cosh and Cosey had not

---

[2] Defendants deny that when they arrived they observed any improper physical force being used against Plaintiff. Cosh Decl. at ¶¶ 6-16; Cosey Decl. at ¶¶ 6-17.
[3] Defendants go so far as to argue that "Plaintiff retracted the failure to intervene allegations" against them, Defs.' Mem. of Law at p. 7, but Plaintiff clearly did not do so. He specifically testified that Defendants "failed to protect" him from an assault. Pl.'s Dep. at p. 63.

yet responded to the scene of the incident.  Pl.'s Dep. at p. 67.  His testimony was less definitive as to another component of the failure to protect claim.  Plaintiff also alleges that Cosh and Cosey failed to intervene when Smith and Pereira smashed Plaintiff's head into the floor.  Compl. at ¶ 12.  As to that incident, Plaintiff testified that he was "not sure" whether Cosh and Cosey had yet arrived when his head was banged on the floor.  Pl.'s Dep. at p. 64; Dkt. No. 63-4 at p. 3 (Plaintiff's deposition errata sheet altering answer from "No" to "No, or should I say not sure").  If Cosh and Cosey were present when the alleged incident involving Plaintiff's head took place, they may well have been, depending on a variety of circumstances, in a position to have intervened to stop that event.  *See Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (discussing factual nature of inquiry into whether there is sufficient time to intercede to prevent harm).  Plaintiff's testimony raises some clear credibility issues, especially since the allegations in the Complaint can be read to allege that the banging of the head took place before the incident with his hand and wrist.  *See* Compl. at ¶¶ 12 & 14.  However, "in determining whether to grant summary judgment . . . credibility determinations, weighing evidence, and drawing inferences are functions for the jury, not the court."  *Jordan v. Fischer*, 773 F. Supp. 2d 255, 269 (N.D.N.Y. 2011).

Given the fact specific nature of a failure to intervene claim, including assessing whether a defendant was in a position to intervene and what reasonable intervention might have involved, the issue of "whether an officer can be held liable on a failure to

9

intervene theory is generally a question of fact for the jury to decide." *Esperanza v. City of New York*, 325 F. Supp. 3d 288, 306 (E.D.N.Y. 2018); *see also Anderson v. Branen*, 17 F.3d at 557.  On summary judgment, the Court must view the evidence in the light most favorable to the non-movant, here Plaintiff.  *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 124 (2d Cir. 2013); *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). Viewed in this light, the statement in Plaintiff's Declaration that "Cosh and Cosey watched as plaintiff was continually beaten and never attempted to stop [their] fellow co-workers," Pl.'s Decl. at ¶10, together with his deposition testimony, is sufficient to defeat Defendants' Motion for Summary Judgment.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 45) be **DENIED**; and it is

**ORDERED**, that Plaintiff's request for copies for unredacted DOCCS (Dkt. No. 47) policies is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN</u>**

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  August 6, 2019
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge