UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROJELIO ALCAIDE, a/k/a Rojelio Valentine-Alcaide,

                Plaintiff,

v.

9:17-CV-1239
(GTS/DJS)

JOHN SMITH, Corr. Officer, Great Meadow Corr. Fac.;
CHARLES PEREIRA, Corr. Officer, Great Meadow
Corr. Fac.; LARRY COSH, Corr. Officer, Great
Meadow Corr. Fac.; and BENJAMIN COSEY, Corr.
Officer, Great Meadow Corr. Fac.,

                Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

ROJELIO ALCAIDE, 06-A-1219
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929

HON. LETITIA A. JAMES                                       NICHOLAS LUKE ZAPP, ESQ.
  Attorney General for the State of New York              Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

     Currently before the Court, in this *pro se* prisoner civil rights action filed by Rogelio

Alcaide ("Plaintiff") against the four above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants"), are the following: (1)

United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that

Defendants' motion for partial summary judgment be denied, (2) Defendants' Objections to the Report-Recommendation, (3) Plaintiff's response to Defendants' Objections, and (4) Plaintiff's motion to appoint counsel. (Dkt. Nos. 71, 72, 73, 75.) For the reasons set forth below, Defendants' motion for partial summary judgment is denied, and Plaintiff's motion to appoint counsel is granted.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Stewart's' Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Stewart rendered the following two findings of fact and conclusions of law: (1) a genuine dispute of material fact exists warranting the denial of Defendants' motion for partial summary judgment on Plaintiff's Fourth Amendment claim against Defendant Smith based on an unreasonable pat-frisk, because (a) admissible evidence exists that, immediately after complying with the direction to submit to a pat-frisk, Defendant Smith (without provocation) assaulted Plaintiff, including by punching him, and (b) the fact that Plaintiff pled guilty to the disciplinary charge of disobeying an order to comply with all frisk and search procedures does not render it uncontroverted that either no search took place or Defendant Smith acted reasonably in attempting to conduct a pat-frisk; and (2) a genuine dispute of material fact exists warranting the denial of Defendants' motion for partial summary judgment on Plaintiff's Eighth Amendment claim against Defendants Cosey and Cosh based on a failure to intervene in the excessive force being used, because (a) it is undisputed that Defendants Cosey and Cosh were present at approximately the time in question, and (b) construing the record evidence in Defendants' favor would involve making a credibility determination, which is the function of a jury, not the Court. (Dkt. No. 71, at Part III.)

### B. Defendants' Objections to the Report-Recommendation

Generally, in their Objections, Defendants assert the following two arguments: (1) Magistrate Judge Stewart erred in finding the existence of a genuine dispute of material fact regarding Plaintiff's Fourth Amendment claim against Defendant Smith, because (a) Magistrate Judge Stewart relied on two pat-frisk cases that are distinguishable from the current case, in which no pat-frisk actually occurred, and (b) Plaintiff's evidence that Defendant Smith punched him gives rise to only an Eighth Amendment claim; and (2) Magistrate Judge Stewart erred in finding the existence of a genuine dispute of material fact regarding Plaintiff's Eighth Amendment claim against Defendants Cosey and Cosh, because Plaintiff's deposition testimony that he was "not sure" if Cosey and Cosh had yet arrived by the time his head was banged on the floor renders his evidence of their realistic opportunity to intervene and prevent the assault either speculative or conclusory, neither of which is sufficient to defeat a motion for summary judgment. (Dkt. No. 72.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set

3

performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

---

forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) (collecting cases), *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.³ Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*⁴

After conducting the appropriate review, the Court may "accept, reject, or modify, in

---

³ *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

⁴ *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c)).

**III.    ANALYSIS**

   **A.    Defendants' Motion for Partial Summary Judgment**

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Defendants specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court will add only the following analysis.

With regard to Plaintiff's Fourth Amendment claim against Defendant Smith based on an unreasonable pat-frisk, Plaintiff has adduced admissible record evidence from which a rational fact-finder could conclude that (1) without provocation, Defendant Smith pushed Plaintiff while Plaintiff's hands were against the wall and then punched Plaintiff in the face, and (2) after that point, Smith abandoned an effort to pat-frisk Plaintiff in favor of jumping on Plaintiff and smashing Plaintiff's head against the floor and/or attempting to pull Plaintiff into a room to beat Plaintiff up. (Dkt. No. 1, at ¶¶ 11, 12, 33 [Plf.'s Verified Compl.];[5] Dkt. No. 45, Attach. 2, at 22-24, 30-33 [attaching pages "19" through "21," and "27" through "31" of Plf.'s Depo. Tr.]; Dkt.

---

[5] *See Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("A verified complaint is to be treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist, provided that it meets the other requirements for an affidavit under Rule 56(e).").

6

No. 63, Attach. 3, at ¶¶ 6-9 [Plf.'s Decl.].) Defendants argue that no pat-frisk ended up occurring, rendering the *sole* claim arising from the events in question as one for excessive force under the Eighth Amendment (which claim separately remains pending). (Dkt. No. 72, at 4 [Defs.' Obj.].) However, Defendants do not deny that Defendant Smith ordered Plaintiff to exit the line from the mess hall and place both hands against the wall *as part of the initiation of a pat-frisk*. (Dkt. No. 61, at 18 [Plf.'s Misbehavior Report]; Dkt. No. 61, at 25 [Report from Hoy to Miller dated Nov. 11, 2014]; Dkt. No. 61, at 26 [Report from Def. Smith to Miller dated Nov. 22, 2014]; Dkt. No. 61, at 27 [Report from Def. Pereira to Miller dated Nov. 22, 2014].) Under the circumstances, a rational fact-finder could conclude that (1) the purported push was part of the start of the pat-frisk, (2) Defendant Smith's act of punching Plaintiff was an attempt to subdue Plaintiff in order to effect the pat-frisk, and (3) both the purported push and punch of Plaintiff were unprovoked and thus unreasonable. As a result, the events (albeit barely) give rise to a viable Fourth Amendment claim against Defendant Smith.

The viability of this claim is in no way diminished by the fact that Plaintiff obviously misses the mark by arguing that Defendant Smith lacked probable cause to initiate a pat-frisk. (*See, e.g.,* Dkt. No. 75, at 7 [Plf.'s Response to Defs.' Obj.].) Probable cause is not required to perform a pat-frisk; rather, only something akin to reasonable suspicion is required.[6] Moreover, no genuine dispute of material fact exists (on the current record) that Defendant Smith possessed

---

[6] *See Holton v. Moore*, 96-CV-0777, 1997 WL 642530, at *6 (N.D.N.Y. Oct. 15, 1997) (Pooler, J.) ("The reasonableness of the pat frisk depend[s] on . . . [among other things] its justification . . . ."); *cf. Bell v. Wolfish*, 441 U.S. 520, 560 (1979) (finding that *visual body cavity inspections* of pretrial detainees could be conducted on *less than probable cause*) (emphasis added); *Shabazz v. Pico*, 994 F. Supp. 460, 473 (Sotomayor, J.) ("*Strip frisks* pass constitutional muster, even if the strip frisk is conducted *without probable cause*, so long as the search is reasonable and not abusive.") (emphasis added).

reasonable suspicion to initiate a pat-frisk. The record contains admissible evidence that Defendant Smith perceived Plaintiff to be "acting suspiciously" while in the line returning from the mess hall. (*See, e.g.,* Dkt. No. 1, at ¶ 11 [Plf.'s Verified Compl.]; Dkt. No. 61, at 18 [Plf.'s Misbehavior Report]; Dkt. No. 45, Attach. 2, at 174-75 [attaching pages "1" and "2" of Plf.'s Disciplinary Hearing Tr.]; Dkt. No. 63, Attach. 3, at ¶ 5 [Plf.'s Decl.].)[7] For the sake of brevity, the Court will not linger on the fact that the current record appears to contain no admissible evidence that Plaintiff did not, in fact, act suspiciously while in line returning from the mess hall. (*See generally* Dkt. No. 1, at ¶ 11 [Plf.'s Verified Compl.]; Dkt. No. 45, Attach. 2 [Plf.'s Depo. Tr.]; Dkt. No. 63, Attach. 3 [Plf.'s Decl.].) More importantly, Plaintiff pled guilty to refusing a direct order to comply with the pat-frisk, conceding that the order was valid. (Dkt. No. 45, Attach. 2, at 174-79 [attaching disciplinary hearing transcript and disposition]; Dkt. No. 45, Attach. 2, at 117 [attaching page "114" of Plf.'s Depo. Tr.].) Regardless of whether the pat-frisk was justified, however, Plaintiff retains the Fourth Amendment right against having the pat-frisk conducted in an unreasonable manner.

With regard to Plaintiff's Eighth Amendment claim against Defendants Cosey and Cosh based on their failure to intervene in the excessive force being used against Plaintiff, Defendants' argument that Plaintiff acknowledged that he was "not sure" if Cosey and Cosh had yet arrived when Defendant Smith banged his head against the floor ignores the uncontroverted evidence

---

[7] In their Statement of Undisputed Material Facts, Defendants did not assert that pat-frisks are a normal occurrence in prisons, especially for prisoners exiting the mess hall where metal utensils are used. (*See generally* Dkt. No. 45, Attach. 3.) However, Defendants adduce admissible evidence that, before Defendant Smith directed Plaintiff to step out of line, Defendant Smith was "conducting random pat frisks . . . during the [prisoners'] return . . . [from] noon meal." (Dkt. No. 61, at 26.)

8

that, at some point during Smith's use of force against Plaintiff, Cosey and Cosh had in fact arrived on the scene. Indeed, both Defendants Cosey and Cosh put their arrival at the scene *at most* a moment after Plaintiff's head was purportedly smashed against the floor. (Dkt. No. 45, Attach. 4, at ¶ 7 [Cosey Decl., stating that "I went to the rotunda and saw Plaintiff lying prone on the floor. When I arrived, . . . Plaintiff continued to thrash his legs around in a violent manner . . ."]; Dkt. No. 45, Attach. 5, at ¶ 7 [Cosh Decl., stating that "I went to the rotunda and saw Plaintiff lying prone on the floor. Plaintiff continued to violently struggle with C.O. John Smith and C.O. Charles Pereira while they maintained control of his upper body."].) Courts have sometimes permitted a plaintiff's failure-to-intervene claim to proceed against an officer even though the plaintiff was unable to see with certainty whether the officer was actually present during the use of excessive force, especially if the officer was at least nearby and the use of excessive force was likely to have prevented the plaintiff from seeing that officer.[8] Here, because it appears undisputed that Defendants Cosey and Cosh were at least nearby at the time that Defendant Smith purportedly smashed Plaintiff's head against the floor (and because Plaintiff was not in a position to turn around and observe Cosey and Cosh at the time Plaintiff's head was smashed against the floor), the Court finds that the events (again, albeit barely) give rise to a viable Eighth Amendment claim against Defendants Cosey and Cosh.

---

[8] *See, e.g., Jeffreys v. Rossi*, 275 F. Supp.2d 463, 474-75 (S.D.N.Y. 2003) (denying motion for summary judgment with regard to failure-to-intervene claim arising from an assault in a classroom where there was undisputed evidence that "the defendants were either located inside [the] classroom . . . or in the doorway or hallway outside of the classroom"); *cf. Jackson v. Tellado*, 236 F. Supp.3d 636, 666 & n.28 (E.D.N.Y. 2017) (permitting jury determination that officer used excessive force against the plaintiff even though the plaintiff did not see who struck him in a doorway, where officer acknowledged he was present in the doorway at about the time of the assault).

The Court notes that, after Plaintiff's October 2018 deposition (at which he testified that his head was "smashed" against the floor once), Plaintiff adduced an April 2019 declaration appearing to testify that his head was "smashed" against the floor *twice*, the second time after Defendant Cosh had placed Plaintiff's wrists in restraints (during which time Defendant Cosey was present). (*Compare* Dkt. No. 45, Attach. 2, at 43-44, 49-51, 61, 67, 69 [attaching pages "40," "41," "46," "47," "48," "58," "64" and "66" of Plf.'s Depo. Tr.] *with* Dkt. No. 63, Attach. 3, at ¶¶ 9-12 [Plf.'s Decl.].) If the declaration had been dated before Plaintiff's deposition, the testimony therein might be problematic for Defendants, given that Defendants Cosh admits that he placed Plaintiff's wrists in restraints. (Dkt. No. 45, Attach. 5, at ¶¶ 7, 9 [Cosh Decl.].) However, the Court does not base this portion of its Decision and Order on that portion of Plaintiff's post-deposition declaration.[9]

The Court notes also that, after Plaintiff's deposition (at which he appears to have also testified that Defendants Cosey and Cosh did not arrive until after he had been "hog tied"), Plaintiff adduced a declaration appearing to testify that Cosey and Cosh arrived *before* he had been "hog tied." (*Compare* Dkt. No. 45, Attach. 2, at 66-67, 70, 71 [attaching pages "63," "64," "67" and "68" of Plf.'s Depo. Tr.] *with* Dkt. No. 63, Attach. 3, at ¶¶ 10-13 [Plf.'s Decl.].) Because consideration of this portion of Plaintiff's late-blossoming contradictory declaration would be improper on Defendants' motion for partial summary judgment, the Court finds that the

---

[9] *See Hayes v. New York City Dept. of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("[A]n affidavit . . . that, by omission or addition, contradicts the affiant's previous deposition testimony' is insufficient to create a genuine issue of fact."); *Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 572 (2d Cir. 1991) ("The rule is well-settled in this circuit that a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony.").

declaration does not suffice to trigger the Court's gate-keeping function under *Jeffreys v. City of New York*, 426 F.3d 549, 554-55 (2d Cir. 2005) ("[I]n the rare circumstances where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether . . . there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account.").

    B.    **Plaintiff's Motion to Appoint Counsel**

After carefully considering the matter, the Court grants Plaintiff's motion to appoint counsel as supported by a showing of cause. (Dkt. No. 73.) Because various of Plaintiff's claims have survived dispositive-motion practice, the Court will appoint *pro bono* trial counsel for Plaintiff.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 71) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for partial summary judgment (Dkt. No. 45) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 73) is **GRANTED**.

Dated: September 24, 2019
       Syracuse, New York

*[Signature]*
Hon. Glenn T. Suddaby
Chief U.S. District Judge