UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROJELIO ALCAIDE,

                                *Plaintiff,*

              -against-

JOHN SMITH, CHARLES PEREIRA, BENJAMIN
COSEY, and LARRY COSH,

                          *Defendants.*

**STIPULATION AND
ORDER OF
DISCONTINUANCE
PURSUANT TO RULE
41(A)**

17-CV-1239

(GTS)(DJS)

---

      IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, Plaintiff

Rojelio Alcaide and Defendants John Smith, Charles Pereira, Benjamin Cosey, and Larry Cosh,

parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person

for whom a committee has been appointed, and no person not a party has an interest in the subject

matter of the action, the above-entitled action be and the same hereby is settled on the particular

circumstances of this case, on the following terms and conditions, which it is agreed are of and

shall have no legal precedential value in any other case either between the parties to this case or

any other parties:

      1.     Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff hereby

discontinues this action with prejudice and without damages, costs, interest, or attorneys' fees,

under the conditions described in Paragraph 4 of this agreement, as against Defendants John Smith,

Charles Pereira, Benjamin Cosey, and Larry Cosh, and discharges and releases Defendants John

Smith, Charles Pereira, Benjamin Cosey, and Larry Cosh and the State of New York, including its

agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claims against the Defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

2.     The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

3.     This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

4.     Following the execution of this stipulation, and it being ordered by the Court, Defendants shall pay to Plaintiff the sum of One Thousand Dollars ($1,000.00) in full settlement of any and all claims. The above amount shall constitute all sums to which Plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. A check payable to the Plaintiff

2

will be mailed to Plaintiff's attorney, Taylor Reynolds, Esq. at Bond, Schoeneck & King PLLC, One Lincoln Center, Syracuse, New York 13202-1355.

5.      Payment of the amount specified in paragraph 4 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law.

6.      Payment of the amount referenced in paragraph 4 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court and receipt by Defendants' counsel of a copy of the so-ordered Stipulation, unless the provisions of Chapter 62 of the Laws of 2001 apply to the Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

7.      In the event that the terms of paragraph 5 are satisfied, but payment is not made within the 120 day period set forth in paragraph 6, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

8.      This stipulation shall be null and void if the approvals referred to in paragraph 5 are not obtained, and this action shall then be placed back on the active docket without prejudice.

9.      Plaintiff represents and warrants that he is not a Medicare recipient, that he has never been on Medicare, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months.  Plaintiff represents and warrants that prior to his incarceration in 2006 he may have been on Social Security Disability; however, Plaintiff did not receive such benefits beyond the necessary 24-month qualifying period to make Plaintiff eligible for Medicare coverage.

3

10.    The foregoing constitutes the entire agreement of the parties.

Dated: Bronx, New York
2/78/20/2020

_____
Rojelio Alcaide
Ana's Place, 4380 Bronx Blvd, Bronx, New York

Dated: Syracuse, New York
2/2 6 , 2020

_____
Taylor Reynolds, Esq.
*Attorney for Plaintiff*
Bond, Schoeneck & King PLLC
One Lincoln Center, Syracuse, New York
Telephone: (315) 218-8132
Email: treynolds@bsk.com

Dated: Albany, New York
2/26 , 2020

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*
The Capitol, Albany, New York

By: _____
Nicholas Zapp, Esq.
Assistant Attorney General, of Counsel
Bar Roll No. 700433
Telephone: (518) 776-2628
Email: nicholas.zapp@ag.ny.gov

IT IS SO ORDERED:

_____
Hon. Glenn T. Suddaby
United States District Judge

Dated: _____
        Syracuse, New York

4